1
2
3
4                        UNITED STATES DISTRICT COURT
5                      NORTHERN DISTRICT OF CALIFORNIA
6                            SAN JOSE DIVISION
7

8      ROBERTA E. SIMMONS,                    Case No.  20-cv-01044-VKD
                  Plaintiff,
9
                                              **ORDER GRANTING DEFENDANT'S**
10            v.                              **MOTION TO DISMISS WITH LEAVE**
                                              **TO AMEND**
11     JOHN DOANE,
                                              Re: Dkt. No. 14
                  Defendant.
12

13

14            Pro se plaintiff Roberta E. Simmons sues John Doane for alleged disability discrimination

15     and other injuries.  Mr. Doane moves to dismiss the complaint pursuant to Rule 12(b)(6) on the

16     ground that the complaint fails to state a claim for relief.  The Court has not received an opposition

17     or other response from Ms. Simmons, and briefing on the matter has closed.  Civ. L.R. 7-3.  The

18     motion is deemed appropriate for determination without oral argument, and the noticed September

19     22, 2020 hearing is vacated.  Civ. L.R. 7-1(b).  Having considered the matter, the Court grants Mr.

20     Doane's motion to dismiss, with leave to amend.[1]

21     **I.      BACKGROUND**

22            Ms. Simmons lives at a condominium complex in Santa Cruz, California.  Mr. Doane is

23     one of her neighbors and a board member of the homeowners' association ("HOA").  Although the

24     complaint's allegations are not entirely clear, Ms. Simmons appears to claim that on October 23,

25     2014, Mr. Doane wrote her a letter and "jammed" it under her left windshield wiper, breaking the

26     wiper blade from its connection to her car.  Dkt. No. 1 at 5, 7-8.  According to the complaint, Ms.

27     ────────────────────

28     [1] All parties have expressly consented that all proceedings in this matter may be heard and finally
       adjudicated by a magistrate judge.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 2, 17.

United States District Court
Northern District of California

1    Simmons saw Mr. Doane place the letter under the windshield wiper, but she did not remove the

2    letter.  *Id.* at 8.  The complaint further alleges that on or about October 31, 2014, while driving in

3    the rain (with the letter apparently still under her windshield wiper), the letter and left wiper "flew

4    off" when Ms. Simmons activated her windshield wipers, blocked her vision, and caused a

5    vehicular accident in which Ms. Simmons bounced over a curb and "hit something very hard."  *Id.*

6    at 12, 16, 22-23.  Interspersed among the pages of Ms. Simmons's handwritten complaint are

7    several copies of an October 23, 2014 letter from the HOA regarding an issue over residents

8    swapping their assigned parking spaces at the complex.  Elsewhere in her complaint, Ms.

9    Simmons alleges that "[t]his is a 5 year effort to get an ADA handicapped parking space."  *Id.* at 3.

10        Mr. Doane contends that to the extent Ms. Simmons appears to assert a violation of the

11   Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, or a claim for personal

12   injuries, her complaint fails to allege sufficient facts to support a plausible claim for relief.  In any

13   event, Mr. Doane argues that the complaint was filed well beyond the applicable statutes of

14   limitation and is untimely.  For the reasons discussed below, the Court agrees.

15   **II.    LEGAL STANDARD**

16        A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal

17   sufficiency of the claims in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

18   Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts

19   alleged to support a cognizable legal theory.  *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901

20   F.2d 696, 699 (9th Cir. 1990)).  In such a motion, all material allegations in the complaint must be

21   taken as true and construed in the light most favorable to the claimant.  *Id.*  However,

22   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

23   statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Moreover, "the court is

24   not required to accept legal conclusions cast in the form of factual allegations if those conclusions

25   cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d

26   752, 754-55 (9th Cir. 1994).

27        Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the

28   pleader is entitled to relief."  This means that the "[f]actual allegations must be enough to raise a

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

2    (2007) (citations omitted).  However, only plausible claims for relief will survive a motion to

3    dismiss.  *Iqbal*, 556 U.S. at 679.  A claim is plausible if its factual content permits the court to

4    draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id*.  A plaintiff

5    does not have to provide detailed facts, but the pleading must include "more than an unadorned,

6    the-defendant-unlawfully-harmed-me accusation."  *Id*. at 678.

7         Documents appended to or incorporated into the complaint or which properly are the

8    subject of judicial notice may be considered along with the complaint when deciding a Rule

9    12(b)(6) motion.  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

10   **III.    DISCUSSION**

11        **A.    ADA Claim**

12        The ADA is comprised of five titles and prohibits disability discrimination in employment

13   (Title I, 42 U.S.C. §§ 12111-12117); in public services by state and local governments (Title II, 42

14   U.S.C. §§ 12131-12165); in the provision of commercial facilities and places of public

15   accommodation by private entities (Title III, 42 U.S.C. §§ 12181-12189); and with respect to

16   telecommunications and common carriers (Title IV, 47 U.S.C. § 225).  Title V contains

17   miscellaneous enforcement provisions and exemptions.  *See* 42 U.S.C. §§ 12201-12213.  Ms.

18   Simmons's complaint references the ADA generally and does not cite to the specific statute or

19   ADA section she claims has been violated.  There is nothing in her complaint that suggests that

20   her claims arise under Titles I, II, IV, or V.

21        Even assuming that ADA Title III is the intended basis of Ms. Simmons's claim, her

22   complaint fails to state sufficient facts supporting a plausible claim for relief.  Title III of the ADA

23   prohibits discrimination by places of public accommodation by private entities and provides:  "No

24   individual shall be discriminated against on the basis of disability in the full and equal enjoyment

25   of the goods, services, facilities, privileges, advantages, or accommodations of any place of public

26   accommodation by any person who owns, leases (or leases to), or operates a place of public

27   accommodation."  42 U.S.C. § 12182(a).  To prevail on a Title III discrimination claim, Ms.

28   Simmons must show that (1) she is disabled within the meaning of the ADA; (2) defendant is a

1    private entity that owns, leases, or operates a place of public accommodation; and (3) she was

2    denied public accommodations by the defendant because of her disability.  *Molski v. M.J. Cable,*

3    *Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).  Under the ADA, the term "disability" means:  "(A) a

4    physical or mental impairment that substantially limits one or more major life activities of such

5    individual; (B) a record of such an impairment; or (C) being regarded as having such an

6    impairment[.]"  42 U.S.C. § 12102(1).  Although Ms. Simmons's complaint indicates that she

7    suffers from a number of health issues, and putting aside whether Mr. Doane is a proper defendant

8    under Title III of the ADA, there are no facts alleged to support Ms. Simmons's claim that she

9    suffered discrimination on the basis of any disability.  Allegations regarding Mr. Doane's

10   placement of a letter under Ms. Simmons's windshield wiper, copies of an HOA letter discussing

11   residents swapping assigned parking spaces, and Ms. Simmons's statement that she has been

12   trying to obtain a disabled parking space, are too disparate and vague to support a plausible claim

13   for relief.

14          Mr. Doane further contends that Ms. Simmons's ADA claim is untimely because it was

15   filed more than three years after the events that appear to be the focus of Ms. Simmons's claim.

16   Title III of the ADA does not contain an explicit statute of limitations, and courts often borrow the

17   limitations period from other laws.  *Nevarez v. Forty Niners Football Co., LLC*, 326 F.R.D. 562,

18   574 (N.D. Cal. 2018).  "In [the] past, which statute of limitations to borrow has been a source of

19   debate."  *Id.*  While the applicable statute of limitations for an ADA Title III claim has not been

20   definitively established, "the Ninth Circuit has stated that 'the only conceivable options' are two

21   or three years" based on California's two-year personal injury provision and its three-year period

22   for an action upon a liability created by statute.  *Id.* (quoting *Estate of Stern v. Tuscan Retreat,*

23   *Inc.*, 725 F. App'x 518, 526 (9th Cir. 2018)); *see also* Cal. C.C.P. §§ 335.1, 338(a).  Assuming

24   without deciding that a three-year limitations period applies to Ms. Simmons's ADA claim, her

25   complaint's allegations indicate that she bases her claim on events that occurred around October

26   2014, more than five years before the present suit was filed.  Although Ms. Simmons states that

27   this action is part of a "5 year effort to get an ADA handicapped parking space" (Dkt. No. 1 at 3),

28   there are no facts alleged about events other than those that reportedly occurred in 2014.

United States District Court
Northern District of California

1    For these reasons, Ms. Simmons's ADA claim is dismissed.

2    **B.    Negligence/Personal Injury**

3    To the extent Ms. Simmons's complaint indicates that she asserts a claim for

4    negligence/personal injury, this claim also fails.  To state a claim for negligence under California

5    law, a plaintiff must plead facts establishing (1) the existence of the defendant's duty to exercise

6    due care; (2) breach of that duty; (3) causation; and (4) damage.  *See generally Corales v. Bennett*,

7    567 F.3d 554, 572 (9th Cir. 2009) (citing *McGarry v. Sax*, 158 Cal. App. 4th 983 (2008)).  Here,

8    Ms. Simmons's complaint alleges only that Mr. Doane reportedly broke her windshield wiper

9    when he placed a letter under it.  That allegation, standing alone, is insufficient to establish that

10   Mr. Doane breached an existing duty of care, or that his alleged conduct was the proximate cause

11   of Ms. Simmons's car accident or any resulting injuries.  Noting that the statute of limitations for

12   negligence claims is two years, Cal. C.C.P. § 335.1, Mr. Doane argues that Ms. Simmons's claim

13   is also untimely.  Indeed, as discussed above, all of the allegations in Ms. Simmons's complaint

14   are based on events that occurred more than five years before the present suit was filed, and there

15   is no indication that Ms. Simmons was unable to discover all facts essential to her cause of action

16   any later than October 31, 2014.  Accordingly, this claim is dismissed.

17   **IV.    CONCLUSION**

18   Based on the foregoing, Mr. Doane's motion to dismiss the complaint is granted.

19   Although the Court questions whether Ms. Simmons will be able to amend her allegations to

20   plausibly state a claim for relief, the Court will give her leave to amend her complaint.  If she

21   chooses to amend her complaint, Ms. Simmons's amended pleading should be titled "First

22   Amended Complaint."  She must file her First Amended Complaint no later than **October 8, 2020**.

23   Ms. Simmons is advised that the failure to comply with court-ordered deadlines may result in the

24   dismissal of this case for her lack of attention to it and failure to prosecute this matter.  Fed. R.

25   Civ. P. 41.

26   Ms. Simmons is encouraged to contact the Federal Pro Se Program for assistance.

27   Information regarding the Program can be found at https://www.cand.uscourts.gov/pro-se-

28

United States District Court
Northern District of California

5

litigants/the-federal-pro-se-program-at-the-san-jose-courthouse/.[2]  The Program currently does not

hold in-person appointments but continues to assist self-represented litigants through telephone

appointments, Monday to Thursday, 9:00 am to 4:00 pm.  Appointments may be scheduled by

calling (408) 297-1480.

**IT IS SO ORDERED.**

Dated: September 8, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[2] The Court previously mailed to Ms. Simmons a copy of this District's Handbook for Pro Se Litigants.  *See* Dkt. No. 13-1.

6