1

2

3

4                     UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6                          SAN JOSE DIVISION

7

8      ROBERTA E. SIMMONS,                    Case No.  20-cv-01044-VKD

                    Plaintiff,
9
                                              **ORDER GRANTING DEFENDANT'S**
10           v.                               **MOTION TO DISMISS AMENDED**
                                              **COMPLAINT**
11     JOHN DOANE,
                                              Re: Dkt. No. 27
                    Defendant.
12

13

14     **I.      BACKGROUND**

15           Pro se plaintiff Roberta E. Simmons sues John Doane for alleged disability discrimination

16     and other injuries.  Broadly construed, Ms. Simmons's complaint appeared to assert claims for

17     violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

18     and for personal injuries, arising from an alleged incident in which Mr. Doane placed a letter

19     under the windshield wiper of Ms. Simmons's vehicle.[1]

20           The Court previously granted Mr. Doane's Rule 12(b)(6) motion to dismiss, finding that

21     Ms. Simmons's complaint failed to state sufficient facts to support a plausible claim for relief and

22     that her claims appeared to be untimely in any event.  Dkt. No. 18.  Ms. Simmons was given 30

23     days leave to amend.  *Id.*  She subsequently requested a six-month stay of all proceedings.  Dkt.

24     No. 19.  The Court did not find a stay for that length of time to be warranted, but nonetheless

25     granted Ms. Simmons a 60-day extension of time to December 31, 2020 in which to file her

26

27     _____

       [1] The Court incorporates by reference the statement of background facts in its prior order (Dkt.
       No. 18 at 1-2) and assumes the parties' familiarity with those facts, which will not be repeated in
28     this order.

United States District Court
Northern District of California

1   amended pleading.  Dkt. No. 21.

2       Ms. Simmons's timely filed her amended complaint.  Dkt. No. 22.  Mr. Doane now moves

3   to dismiss pursuant to Rule 12(b)(6), arguing that the amended complaint still fails to state a viable

4   claim for relief.  The Court has not received an opposition or other response from Ms. Simmons,

5   and briefing on the matter has closed.[2]  Civil L.R. 7-3.  The motion is deemed appropriate for

6   determination without oral argument.  Civil L.R. 7-1(b).  Having considered the matter, the Court

7   grants Mr. Doane's motion to dismiss, without leave to amend.[3]

8   **II.    LEGAL STANDARD**

9       A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal

10  sufficiency of the claims in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

11  Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts

12  alleged to support a cognizable legal theory.  *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901

13  F.2d 696, 699 (9th Cir. 1990)).  In such a motion, all material allegations in the complaint must be

14  taken as true and construed in the light most favorable to the claimant.  *Id.*  However,

15  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

16  statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Moreover, "the court is

17  not required to accept legal conclusions cast in the form of factual allegations if those conclusions

18  cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d

19  752, 754-55 (9th Cir. 1994).

20      Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the

21  pleader is entitled to relief."  This means that the "[f]actual allegations must be enough to raise a

22  right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

23  (2007) (citations omitted).  However, only plausible claims for relief will survive a motion to

24

25  [2] The Court has received several letters from Ms. Simmons repeating the allegations of her pleadings and requesting a six-month stay of this action.  Dkt. Nos. 23-25, 29.  For the reasons discussed in this order, the Court concludes that the amended complaint should be dismissed without leave to amend.  Accordingly, Ms. Simmons's requests for a six-month stay of the litigation are denied as moot.

26

27

28  [3] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 2, 17.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   dismiss. *Iqbal*, 556 U.S. at 679. A claim is plausible if its factual content permits the court to

2   draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. A plaintiff

3   does not have to provide detailed facts, but the pleading must include "more than an unadorned,

4   the-defendant-unlawfully-harmed-me accusation." *Id*. at 678.

5       Documents appended to or incorporated into the complaint or which properly are the

6   subject of judicial notice may be considered along with the complaint when deciding a Rule

7   12(b)(6) motion. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

8   **III.   DISCUSSION**

9       As discussed in the Court's order granting Mr. Doane's motion to dismiss the original

10   complaint, even assuming that ADA Title III is the intended basis of Ms. Simmons's claim, her

11   allegations regarding Mr. Doane's placement of a letter under her windshield wiper, copies of a

12   homeowners association letter discussing residents swapping assigned parking spaces, and Ms.

13   Simmons's statement that she has been trying to obtain a disabled parking space, are too disparate

14   and vague to support a plausible claim for relief. Dkt. No. 18. Moreover, while the applicable

15   statute of limitations for an ADA Title III claim has not been definitively established, "the Ninth

16   Circuit has stated that 'the only conceivable options' are two or three years" based on California's

17   two-year personal injury provision and its three-year period for an action upon a liability created

18   by statute. *Nevarez v. Forty Niners Football Co., LLC*, 326 F.R.D. 562, 574 (N.D. Cal. 2018)

19   (quoting *Estate of Stern v. Tuscan Retreat, Inc*., 725 F. App'x 518, 526 (9th Cir. 2018)); *see also*

20   Cal. C.C.P. §§ 335.1, 338(a). Assuming without deciding that a three-year limitations period

21   applies to Ms. Simmons's ADA claim, her allegations indicate that she bases her claim on events

22   that occurred more than five years before the present suit was filed. *See* Dkt. Nos. 1, 22.

23       Similarly, with respect to Ms. Simmons's personal injury claim, the Court found that the

24   allegations of her original complaint were insufficient to establish that Mr. Doane breached an

25   existing duty of care, or that his alleged conduct was the proximate cause of Ms. Simmons's car

26   accident or any resulting injuries. *See generally Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir.

27   2009) ("Under California law, '[t]he elements of negligence are: (1) defendant's obligation to

28   conform to a certain standard of conduct for the protection of others against unreasonable risks

United States District Court
Northern District of California

1   (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close

2   connection between the defendant's conduct and resulting injuries (proximate cause); and (4)

3   actual loss (damages).'") (quoting *McGarry v. Sax*, 158 Cal. App. 4th 983, 994 (2008)).

4   Additionally, inasmuch as Ms. Simmons's allegations indicate that her claims are based on events

5   that occurred more than five years before the present suit was filed, her original complaint failed

6   to plead any facts indicating that Ms. Simmons was unable to discover all facts essential to her

7   cause of action and timely file suit within the two-year statute of limitations for negligence claims.

8   *See* Cal. C.C.P. § 335.1.

9        Ms. Simmons's amended complaint does nothing to address these deficiencies and simply

10  repeats the allegations of her original pleading.  *See* Dkt. No. 22.  Accordingly, even liberally

11  construing Ms. Simmons's amended complaint and drawing all reasonable inferences in her favor,

12  the Court finds that Ms. Simmons's amended complaint must be dismissed.

13       If the Court determines that a complaint should be dismissed, it must then decide whether

14  to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to

15  amend "shall be freely given when justice so requires," because "the court must remain guided by

16  the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings

17  or technicalities."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and

18  internal quotation marks omitted).  "The decision of whether to grant leave to amend nevertheless

19  remains within the discretion of the district court," which may deny leave to amend if allowing

20  amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the

21  party seeking amendment has acted in bad faith.  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d

22  522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Here, Ms. Simmons

23  has provided no basis for this Court to conclude that there are additional facts that could be alleged

24  on a further amendment that would state a plausible claim for relief.  Accordingly, the Court finds

25  that amendment would be futile and therefore dismisses the amended complaint without leave to

26  amend.

27

28

4

IV.     **CONCLUSION**

Based on the foregoing, the Court grants Mr. Doane's Rule 12(b)(6) motion to dismiss Ms. Simmons's amended complaint, without leave to amend.  The Clerk shall enter judgment accordingly and close this file.

**IT IS SO ORDERED.**

Dated: February 5, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California

5