1

2

3

4           UNITED STATES DISTRICT COURT

5         NORTHERN DISTRICT OF CALIFORNIA

6             SAN JOSE DIVISION

7

8    ROBERTA E. SIMMONS,                    Case No.  20-cv-01044-VKD

         Plaintiff,
9
                                            **ORDER RE PLAINTIFF'S FEBRUARY
10       v.                                 17, 2021 FILING**

11   JOHN DOANE,                            Re: Dkt. No. 32

         Defendant.
12

13

14       On February 5, 2020, the Court granted defendant John Doane's motion to dismiss Ms.

15   Simmons's amended complaint without leave to amend, entered judgment and closed this matter.

16   Dkt. Nos. 30, 31.  On February 17, 2021, Ms. Simmons filed a document in which she appears to

17   ask the Court to reconsider her claims.  Dkt. No. 32.  Broadly construing Ms. Simmons's filing as

18   a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from

19   judgment, the Court denies Ms. Simmons's motion.

20       "Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or

21   summary judgment motion), a motion for reconsideration may be based either on Rule 59(e)

22   (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the

23   Federal Rules of Civil Procedure."  *Godfrey v. Warden PVSP*, No. 20-01381 BLF (PR), 2020 WL

24   4584180, at *1 (N.D. Cal. Aug. 10, 2020) (citing *Am. Ironworks & Erectors v. N. Am. Constr.*

25   *Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001)).  "The denial of a motion for reconsideration under

26   Rule 59(e) is construed as a denial of relief under Rule 60(b)."  *Id*. (citing *McDowell v. Calderon*,

27   197 F.3d 1253, 1255 n.3 (9th Cir. 1999) (citation omitted) (en banc)).  "A motion for

28   reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances,

United States District Court
Northern District of California

United States District Court
Northern District of California

1    unless the district court is presented with newly discovered evidence, committed clear error, or if

2    there is an intervening change in the controlling law." *McDowell*, 197 F.3d at 1255 (internal

3    quotations and citation omitted).  Rule 60(b) provides for reconsideration upon a showing of one

4    or more of the following:  (1) mistake, inadvertence, surprise or excusable neglect; (2) newly

5    discovered evidence which by due diligence could not have been discovered in time to move for a

6    new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been

7    satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); *Godfrey*, 2020 WL 4584180,

8    at *2.

9            The Court dismissed Ms. Simmons's original and amended complaints because she failed

10   to plead facts establishing that she has a plausible claim for relief under the Americans with

11   Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. or for personal injuries or negligence under

12   state law, and because her claims are untimely in any event.  Dkt. Nos. 18, 30.  In her February 17,

13   2021 filing, Ms. Simmons states that she is not complaining about violations of the ADA and that

14   the focus of her claims is the alleged "sabotage" conducted by Mr. Doane when he reportedly

15   "jammed" a letter under the windshield wiper blade of Ms. Simmons's car in 2014.  Dkt. No. 32 at

16   ECF p. 3, 19, 46.  Additionally, Ms. Simmons indicates that although prior medical examinations

17   failed to do so, doctors determined the exact location of her physical injuries on February 20,

18   2020.  *Id*. at ECF p. 26.  She also notes that she would not have read Mr. Doane's October 23,

19   2014 letter but for the injuries she allegedly sustained on October 31, 2014.  *Id*. at ECF p. 30.  Ms.

20   Simmons identifies no new evidence, change in controlling law, or clear error of law warranting

21   reconsideration of the Court's prior determination that she has not alleged sufficient facts

22   establishing that Mr. Doane breached an existing duty of care, or that his alleged conduct was the

23   proximate cause of Ms. Simmons's car accident or any resulting injuries.  Nor does Ms.

24   Simmons's February 17, 2021 filing otherwise establish a basis to grant relief from the February 5,

25   2021 judgment under Rule 59(e) or Rule 60(b).  Ms. Simmons's motion for such relief therefore is

26

27

28

denied.

**IT IS SO ORDERED.**

Dated: February 24, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28